**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SHARON S., <br><br>          Plaintiff, <br><br>    v. <br><br>NANCY BERRYHILL, DEPUTY COMMISSIONER OF OPERATIONS FOR THE SOCIAL SECURITY ADMINISTRATION, <br><br>          Defendant. | No. SA CV 18-746-MWF (PLA) <br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION**

On February 4, 2019, the United States Magistrate Judge issued a Report and Recommendation ("R&R") in this action, recommending that the Commissioner's denial of benefits be reversed and the action be remanded for payment of benefits. (ECF No. 19). On February 19, 2019, defendant filed her "Objection to Report and Recommendation" ("Objection" or "Obj.").

(ECF No. 20). On February 25, 2019, plaintiff[1] filed her Response to defendant's Objection. (ECF No. 21).

## II.

## **DISCUSSION**

Defendant raises several objections to the Magistrate Judge's findings in the R&R.

First, defendant argues that the Court should not "adopt the Report's recommendation that it give 'controlling weight' to the opinions of" treating sources Dr. Beheshti, nurse practitioner ("NP") Weigel, and Dr. Alva. (Obj. at 2). Defendant submits that the Magistrate Judge improperly reweighed the medical source opinions and plaintiff's subjective symptom statements and merely reached a different conclusion than the ALJ. (Id.). She states that the Magistrate Judge disagreed with the ALJ's determination to give less weight to these providers because they did not explain their limitations in narrative form or reference their objective findings, and suggests (as she did in the Joint Stipulation) that these treating source opinions were "outliers in a record that contained numerous opinions." (Id. (citations omitted)). Defendant also repeats her arguments that an ALJ may properly discount treating opinions that are in the form of a checklist, do not have supportive objective evidence, and that are contradicted by other statements and assessments of plaintiff's medical condition. (Obj. at 2-3 (citing Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004)). Defendant suggests instead that the ALJ "reasonably" gave greater weight to the opinions of the *reviewing* sources Dr. Johnson, Dr. Morgan, and Dr. Dalton as they were "well-supported and consistent with the record as a whole," "including the opinion of another of Plaintiff's primary care providers," NP Elpidio. (Obj. at 4). These were the same arguments made by defendant in the Joint Stipulation. For the reasons set forth by the Magistrate Judge in the R&R, the ALJ's determination to give controlling weight to the reviewing source opinions, rather than to

---

[1] Plaintiff's last name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

plaintiff's treating providers, was neither legally sufficient nor supported by substantial evidence.

Second, defendant takes exception with the Magistrate Judge's finding regarding the significance of statements by plaintiff's treating providers that plaintiff was "'stable' with treatment" and medication. (Obj. at 4). The Magistrate Judge, however, addressed the ALJ's rejection of plaintiff's treating providers' opinions on this basis, noting that many of the notes cited to by the ALJ as showing plaintiff was "stable," also reflected ongoing serious symptoms, which the ALJ ignored. (R&R at 21 (citations omitted)). In fact, as noted by the Magistrate Judge, the ALJ's suggestion that the notes showed that plaintiff was generally "stable" did "not come close to suggesting that the treatment notes reflect . . . that plaintiff's impairments and symptoms were so well-controlled that she would be able to sustain full-time employment," especially in light of the treating source notes and opinions also reflecting the severity of plaintiff's limitations and ongoing symptoms. (Id.). Additionally, the Court agrees with the Magistrate Judge that the ALJ seems to have hand-picked certain statements from certain treatment notes that do not reflect the overall severity of plaintiff's symptoms and limitations -- not only within the chosen treatment note, but also as reflected within the treatment record as a whole. (Id.). In short, the ALJ did not, as defendant suggests she did, "evaluate th[e] evidence in a broader context . . . based on 'all of the relevant evidence' in the claimant's record" (Obj. at 6 (citation omitted)), and instead ignored significant and probative evidence.

Third, defendant complains that the Magistrate Judge accepted plaintiff's subjective symptom statements "wholesale," and that the fact that plaintiff was working as a caretaker at the time of the hearing was sufficient reason for the ALJ to discredit her testimony. (Obj. at 5-6). As noted in the R&R, the ALJ used plaintiff's fact of current part-time employment as a "caretaker" for an elderly couple to support her finding that plaintiff's employment reflected a "higher capacity for public interactions" than she alleged. (R&R at 25). As reflected in the R&R, that finding was not supported by any evidence that plaintiff (whose part-time work involved sitting with the same couple on a part-time as-needed basis, and who was "just there in case they need [her]" (AR at

848-49)), was capable of any higher level of varied *public* interactions based on her description of that very limited work.

Finally, defendant contends that the action should not be remanded for an award of benefits.

When considering what course of action is appropriate, the Ninth Circuit has provided clear indication of the factors and tests the District Court should apply before reaching a decision to remand with instruction to calculate award of benefits:

> If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981). The Social Security Act, however, makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner "with *or without* remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). Accordingly, every Court of Appeals has recognized that in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits. Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits, observing on occasion that inequitable conduct on the part of the Commissioner can strengthen, though not control, the case for such a remand. This Circuit clarified the scope of judicial power to remand for an award of benefits in <u>Varney v. Sec'y of Health & Human Servs.</u>, 859 F.2d 1396 (9th Cir. 1988) ("<u>Varney II</u>"). There, we held that "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will . . . take that testimony to be established as true." <u>Id.</u> at 1401. Specifically, we have devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:
>
> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
>
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
>
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

<u>Garrison v. Colvin</u>, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). The Ninth Circuit has also noted that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." <u>Treichler v. Comm'r of Soc. Sec. Admin.</u>, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation omitted).

Here, defendant argues that the record "does not lend itself to the rare remedy of departing from the ordinary . . . rule" of remanding for further proceedings, because it "contains numerous conflicts and ambiguities." (Obj. at 8-9). Defendant suggests that even if the ALJ did not provide legally sufficient reasons for not giving more weight to the opinions of Dr. Beheshti, NP Weigel, or Dr. Alva, giving more weight to those opinions would itself "give rise to new conflicts in the record," as those opinions conflict "with the well-supported opinions of Dr. Johnson, Dr. Morgan, and Dr. Dalton, as well as the opinion of NP Elpidio," and with plaintiff's "admission" "that she was able to work despite her alleged limitations." (Id. (citations omitted)). It appears, therefore, that defendant is contending that even if the Court determines that the reasons given by the ALJ for rejecting plaintiff's testimony and the medical opinions of her treating providers were not legally sufficient (a determination which the Court has made), then the record has *not* been fully developed because plaintiff's testimony and the medical opinions of her treating providers conflict with other evidence in the record as noted by the ALJ. This circular reasoning, however -- which logically could result in a never-ending series of remands for further proceedings -- fails given the facts that (1) the ALJ determined that plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; (2) the ALJ did not provide legally sufficient reasons supported by substantial evidence for discounting the opinions of plaintiff's treating providers or her subjective symptom testimony; and (3) the VE testified that plaintiff would be precluded from all work if the opinions of her treating providers and plaintiff's own statements and testimony regarding the severity of her symptoms were credited as true.

Indeed, a review of the R&R reflects that although the ALJ's reasons for discounting the opinions of plaintiff's treating providers may have been "specific," they were not "legitimate," primarily because those reasons were not supported by substantial evidence. Thus, the ALJ provided no legally sufficient reasons for crediting the opinions of the *reviewing* sources over the opinions of plaintiff's *treating* sources. Similarly, the R&R reflects that although the ALJ's reasons for discounting plaintiff's subjective symptom testimony may have been "clear," they were not "convincing," again primarily because those reasons were not supported by substantial evidence.

Moreover, if the opinions of plaintiff's treating providers were credited, and plaintiff's subjective symptom testimony was credited, that evidence would establish that plaintiff's impairments prevent her from performing substantial gainful employment. The administrative record is thus fully developed, and no further proceedings are necessary to develop it any further. There is, therefore, no persuasive reason to remand this case for further administrative proceedings, and there are strong reasons *not* to do so. Remand with direction to pay benefits is the appropriate remedy in this case.

## III.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the other records on file herein, the Magistrate Judge's R&R, defendant's Objection to the R&R, and plaintiff's Response to defendant's Objection. The Court has engaged in a de novo review of those portions of the R&R to which objections have been made. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. The decision of the ALJ is reversed and the matter is remanded for payment of benefits.
3. Judgment shall be entered consistent with this Order.
4. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: March 26, 2019

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE